UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIVANA STYLES,

                              Plaintiff,

                    -against-

RUI TAN,

                              Defendant.

23-CV-10014 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging that from September 1, 2020, through October 1, 2022, she was exposed to mold and asbestos in a house that she was renting, which negatively affected her health and for which she seeks damages. (ECF 1 ¶ III.) Named as Defendant is Rui Tan, Plaintiff's former landlord. Plaintiff currently resides in Woodbury, New York; when the underlying events took place, Plaintiff was living in Jericho, New York, where Defendant Tan also lives. Woodbury and Jericho are located in Nassau County, New York. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff seeks damages for exposure to environmental hazards in the house she was renting in Nassau County, where both she and Defendant reside. Because the alleged events giving rise to Plaintiff's claims occurred in Nassau County, and all parties reside in Nassau County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Nassau County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

---

[1] There appears to be ongoing litigation between these parties in the New York State Supreme Court, Nassau County. *See Styles v. Tan*, Ind. No. 614024/2022 (filed Oct. 17, 2022).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 15, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                      Chief United States District Judge